FILED
IN CLERK'S OFFICE
US DISTRICT COURT E D N

* FEB 1 7 2012 *

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
MELISSA POLESKY & LOIS POLESKY,

                Plaintiff,

-against-

SIMM ASSOCIATES, INC.,
& AMERICAN EDUCATION SERVICES

                Defendant.
-----------------------------------------------------------------

Civil Action No.:

CV 12 - 848

COMPLAINT

DEMAND FOR JURY TRIAL

SPATT, J.

Plaintiffs LOIS & MELISSA POLESKY ("Plaintiff"), by and through their attorneys, LAW OFFICES OF ALLISON POLESKY, P.C., as and for their Complaint against the Defendants SIMM ASSOCIATES, INC. & AMERICAN EDUCATION SERVICES ("Defendants" and/or "SIMM" and/or "AES"), respectfully a set forth, complains and alleges, upon information and belief, the following:

## PRELIMINARY STATEMENT

1. Plaintiffs bring this action on their own behalf for damages and declaratory and injunctive relief arising from the Defendants violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), New York General Business Law §349 and Defendants Intentional Infliction of Emotional Distress.

## PARTIES

2. Plaintiffs are residents of the State of New York, residing at 16 Edwards St. Apt 3G, Roslyn Heights, NY 11577.

3. Plaintiffs are a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant SIMM is a Delaware company engaged in business of collecting debts with its principal place of business and office located at 800 Pencader Dr., Newark, DE 19702.

5. Defendant AES is a Pennsylvania company with its principal place of business and office located at 1200 North Seventh Street, Harrisburg, Pennsylvania 17102-1444.

6. SIMM & AES are a "debt collector" as the phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6).

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq.* and 28 U.S.C. §2201.

8. The Court has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

10. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "9" herein with the same force and effect as if the same were set forth at length herein.

11. On information and belief, on a date better known to the Defendants, NATIONAL COLLEGIATE TRUST and/or AMERICAN EDUCATIONAL SERVICES, either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to SIMM for collection ("the alleged debt").

12. The alleged debt is a "debt" as defined by 15 U.S.C. §1692a(5).

13. In or about December 2011, Defendants began its attempts at collecting the alleged debt.

14. Defendants placed several and has placed as many as four (4) telephone calls per day to Plaintiffs.

15. On or about December 21, 2011, at approximately 9:30am EST, Defendants placed a telephone call to and spoke with Plaintiff Melissa Polesky.

16. Defendants advised Plaintiff Melissa Polesky that the balance due and owing on the alleged debt is "$14,000.00".

17. Defendants advised Plaintiff Melissa Polesky that Plaintiff must pay $42.00 and demanded that such payment "must be made today".

18. Defendants advised Plaintiff Melissa Polesky that if Plaintiff does pay Defendant $42.00 that the alleged debt would be sent back to original lender AES for handling and servicing.

19. Defendants further advised Plaintiff Melissa Polesky that the "only way" to deal with original lender AES again rather than Defendant on the alleged debt was to pay Defendant $42.00.

20. Defendants demanded that Plaintiffs make payment with a check by phone or debt card only.

21. Defendants "check by phone or debt card" service will cause Plaintiffs to incur a $9.95 "processing fee".

22. Defendants "check by phone or debt card only" policy has the natural consequence of forcing Plaintiffs to incur additional fees and further requires Plaintiffs to provide Defendant with their personal and private financial information.

23. Defendants "check by phone or debit card only" policy is therefore deceptive, misleading and unfair.

24. Despite the above, Plaintiffs reluctantly provided Defendants with a debit card to be run for $42.00.

25. Defendants lied and misrepresented itself to Plaintiffs by advising Plaintiffs that original lender AES can no longer accept payment, discuss the alleged debt or work with Plaintiffs anymore.

26. Upon ending the December 21, 2011 telephone call with Defendants, Plaintiff Melissa Polesky promptly placed a telephone call to original lender AES regarding the alleged debt and Defendants representations and statements that the alleged debt would be sent back to AES upon payment of $42.00.

27. Original lender AES confirmed with Plaintiffs that Defendant SIMM was not truthful and that AES can still accept payment and can do so directly from Plaintiffs.

28. Original lender AES confirmed with Plaintiffs that they have other options remaining, including but not limited to a forbearance, despite Defendant SIMM's statements and representations to the contrary.

29. Original lender AES confirmed with Plaintiffs that paying Defendant $42.00 was not the "only way" to deal with original lender AES and Plaintiffs could pay AES instead of Defendant SIMM.

30. On or about December 21, 2011, at approximately 6pm EST, Plaintiffs placed a telephone call to Defendant SIMM and at that time spoke with an "account manager".

31. Plaintiffs informed Defendants that they no longer wished to make payment in the amount of $42.00 and asked that Defendant remove Plaintiffs debit card from the account and not run the card on or about December 23, 2011.

32. Defendants immediately became abusive and harassing toward Plaintiffs.

33. Defendants lectured Plaintiff Melissa Polesky in an abusive and harassing manner that she should "pay her bills" and "follow through on this debt".

34. Plaintiffs attempted to explain to Defendants the reasons why Plaintiffs no longer wish to pay Defendant.

35. Defendants responded by advising Plaintiff's they were "lucky to be given until Friday to pay at all" as the payment is due "today".

36. Defendants threatened to ruin Plaintiffs credit and "suggests that Plaintiffs not remove the debit card".

37. Defendants further threatened to report to the credit bureaus that the Plaintiffs "refused to pay" the alleged debt.

38. Said statement is false, deceptive and misleading as Plaintiffs did not refuse to pay the alleged debt.

39. Plaintiffs advised Defendant SIMM that if the forbearance were not approved by Defendant AES that Plaintiffs would contact SIMM again.

40. Defendants continued to lie, be abusive, and harassing by telling Plaintiffs that they "do not have that time" and "next time they call in a week it's not going to be $42.00 you owe us. It's going to be $14,000."

41. Defendants advised Plaintiffs, "We're doing you [Plaintiffs] a favor" and that "the payment has to run in order to get the account out of the office" despite being advised the opposite.

42. Defendants refused to take Plaintiffs debit card off the account and rather continued to abuse and harass to coerce payment.

43. Defendants were abusive and harassing in accusing Plaintiffs of "doing what best suits you" by "relying on a hope" in choosing to follow the direction of original lender AES rather than SIMM.

44. Plaintiff Lois Polesky is Plaintiff Melissa Polesky's Mother and alleged co-signor on the alleged debt.

45. Defendants, through its "account manager", shouted to Plaintiff Lois Polesky in an abusive and condescending tone "Is that Lois…??! Oh it's the co-signor!!!"

46. Defendants shouted in an abusive and condescending tone that Plaintiff Lois Polesky "should just get on the phone and stop making snippy remarks in the background"

47. Plaintiffs demanded debt validation and verification of the alleged debt and proof of Defendants assertions regarding co-signors.

48. Defendants refused to provide the information.

49. Defendants advised Plaintiffs "We don't do that!" and further demanded that Plaintiff Lois Polesky "should get your daughter to pay her bills!"

50. Defendants were further abusive and harassing toward Plaintiff Lois Polesky by asking "What kind of mother are you? What kind of example are you setting?"

51. Defendants demanded that Plaintiff Melissa Polesky "not listen to her mother" because Plaintiff Lois Polesky "doesn't know what she is talking about and doesn't know anything about collections".

52. Defendants further advised Plaintiff Melissa Polesky that "he is a father and he knows what you should do" and therefore Plaintiff Lois Polesky is "giving her [Plaintiff Melissa Polesky] the wrong advice".

53. Plaintiffs attempted to have the debit card on file removed and payment on the alleged debt cancelled.

54. Defendants were abusive and harassing in refusing to cancel Plaintiffs payment and further by keeping Plaintiffs on the telephone for the sole purpose of harassing, bullying and coercing payment from Plaintiffs.

55. Plaintiffs demanded that Defendants stop harassing them.

56. Defendants were false, deceptive and misleading in responding, "This is not harassment. You called us".

57. Defendants failed to identify the name of the company or the name or identity of the individual caller.

58. Defendants failed to provide meaningful disclosure of the caller's identity to Plaintiffs.

59. Defendants are abusive and harassing.

60. Defendants are deceptive, misleading and misrepresentative.

61. Defendants are unfair and unconscionable.

62. Defendants failed to send a validation notice within 5 days of the initial communication with Plaintiffs as required by 15 U.S.C. § 1692g.

63. Defendant AES is additionally liable for the acts of its independent debt collection agents. West v. Costen, 558 F.Supp. 564, 573 (W.D.Vir.1983). *See also*, Martinez v. Alberquerque Collection Services, 867 F.Supp. 1495 (U.S.D.C. N.M.1994).

64. Plaintiffs suffered and continues to suffer from damages including but not limited to great personal humiliation, embarrassment, mental anguish, fear of identity theft, fear of financial theft and ruin, fear of harm to credit history, body aches, exhaustion, anxiety, family troubles, interference with a peaceful mother-daughter relationship, and emotional distress as a result of Defendants harassment and actions.

65. Plaintiffs suffered and continue to suffer actual damages as a result of Defendants unlawful conduct.

66. Therefore due to Defendants gross violations the Plaintiffs have been damaged.

### FIRST CAUSE OF ACTION
### FAIR DEBT COLLECTION PRACTICES ACT

67. Plaintiffs repeat, reiterate and incorporate the allegations contained in paragraphs numbered "1" through "66" herein with the same force and effect as if the same were set forth at length herein.

68. Defendants debt collection attempts attempted and/or directed towards the Plaintiffs violate various provisions of the FDCPA, including but not limited to the following:

    a.    <u>15 U.S.C. §1692d-preface, (2), (5) and (6)</u>.

    b.    <u>15 U.S.C. §1692e-preface, (2), (5), (7), (8), (10), (11) and (14)</u>.

    c.    <u>15 U.S.C. §1692f-preface, (1) and (5)</u>.

    d.    <u>15 U.S.C. §1692g</u>.

69.    As a result of Defendants violations of the FDCPA, Plaintiffs have been damaged and are entitled to damages.

## SECOND CAUSE OF ACTION
## NEW YORK STATE GENERAL BUSINESS LAW §349

70.    Plaintiffs repeat, reiterate and incorporate the allegations contained in paragraphs numbered "1" through "69" herein with the same force and effect as if the same were set forth at length herein.

71.    Defendants debt collection efforts attempted and/or directed towards the Plaintiffs violated New York State General Business Law § 349.

72.    As a result of Defendants above violations of the New York General Business Law, the Plaintiffs have been damaged and are entitled to damages in accordance with the New York General Business Law.

## THIRD CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

73.    Plaintiffs repeat, reiterate and incorporate the allegations contained in paragraphs numbered "1" through "72" herein with the same force and effect as if the same were set forth at length herein.

74.    The acts, practices and conduct engaged in by Defendants vis-à-vis the Plaintiffs was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

75. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of New York.

76. All acts of the Defendants complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs MELISSA POLESKY & LOIS POLESKY demands judgment from the Defendants SIMM ASSOCIATES, INC. & AMERICAN EDUCATION SERVICES as follows:

  A. For actual damages against the Defendants, jointly and severally, provided and pursuant to 15 U.S.C. §1692k(a)(1); and actual damages, trebled, pursuant to New York General Business Law §349;

  B. For statutory damages against each of the named Defendants provided and pursuant to 15 U.S.C. §1692k(a)(2)(A);

  C. For any and all attorneys' fees, filing fees, service of process fees, court costs and other costs against the Defendants, jointly and severally, provided and pursuant to 15 U.S.C. §1692k(a)(3) and New York General Business Law §349;

  D. Against the Defendants, jointly and severally, awarding the Plaintiffs punitive damages in such amount as is found appropriate;

  E. A declaration that the Defendant's practices violated the FDCPA and New York General Business Law §349;

  F. For an award of pre-judgment interest on all sums awarded and/or collected; and

  G. For any such other and further relief, as well as further costs, expenses and

disbursements of this action, as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff MELISSA POLESKY &LOIS POLESKY hereby respectfully request a trial by jury for all claims and issues in their Complaint to which they are or may be entitled to at a jury trial.

Dated:        February 14, 2012

                          Respectfully submitted,

                          By: _____
                          Allison Polesky, Esq. (AP5446)
                          LAW OFFICES OF ALLISON POLESKY, P.C.
                          511 Avenue of the Americas, Suite 712
                          New York, New York 10011
                          Phone:    (866) 479-9500
                          Facsimile: (866) 688-4300
                          Attorney for Plaintiffs MELISSA POLESKY & LOIS POLESKY